In the Matter of the **ESTATE** of Van B. **HOOPER**, Sr., Deceased, Government of the Virgin Islands, a Claimant, Appellant.

No. 17599.

United States Court of Appeals Third Circuit.

Heard on Motion Jan. 27, 1969 at Christiansted, St. Croix.

Decided Jan. 28, 1969.

Peter J. O'Dea, First Asst. Atty. Gen., Government of Virgin Islands, Department of Law, Charlotte Amalie, St. Thomas, V. I., for appellant.

Warren H. Young, Young, Isherwood, Gibbs & Carney, Christiansted, St. Croix, V. I., for appellee.

## OPINION OF THE COURT

Before MARIS, FREEDMAN and VAN DUSEN, Circuit Judges.

PER CURIAM:

Marine National Exchange Bank of Milwaukee, the executor of the Estate of Van B. Hooper, deceased, has moved, as appellee, to dismiss the appeal of the Government of the Virgin Islands from two orders entered on September 20, 1968 by the district court. The ground relied upon for dismissal is that the orders in question were not final orders. By prior proceedings in this estate the claim of the Government as a creditor was allowed in the sum of $1,003,932.80. A principal asset of the estate consisted of 5,100 shares of common stock of Ideals Publishing Company, a Wisconsin corporation. The Government is the only creditor of the estate remaining unpaid and it is its effort to secure the maximum possible amount from the sale of this stock, in order that its claim may be paid in full, which is at the bottom of the controversy involved in this appeal.

On or about February 9, 1968 the executor filed its final account. In the account the executor charged itself with $561,000.00 as the proceeds of the redemption by the company of the decedent's 5,100 shares of common stock of Ideals Publishing Company. The account showed only $663,506.32, which includes the above mentioned $561,000, available for payment on the claim of the Government. The account came on for final hearing before the district court commissioner on March 29, 1968 on which day he entered an order approving the account, overruling objections thereto filed by William W. Bailey, guardian ad litem for certain grandchildren. Thereafter the guardian ad litem filed with the district court amended and supplemented and additional objections to the final account and requested a hearing thereon by the district court which was held on August 12 and 13, 1968.

On September 6, 1968 the Government filed a petition in the district court as-

serting that, as shown at the August hearing, the 5,100 shares of stock of Ideals Publishing Company were worth $1,000,000 or more, except for the inequitable and improper act of the decedent's wife in voting those shares, under an irrevocable proxy given her by the decedent's will, in favor of a resolution creating an issue of 10,000 shares of voting preferred stock all of which she purchased, which action eliminated the voting control and diluted the money value of the decedent's shares. The petition prayed for an order empowering the Government, as a party in interest, to commence legal proceedings in Wisconsin relative to the said stock in order to remove the inequity created by the issuance of the preferred stock.

On September 20, 1968 the district court entered the orders from which the appeal now sought to be dismissed was taken. One of these orders denied the petition of the Government for an order empowering it to commence legal proceedings in Wisconsin relative to the stock of Ideals Publishing Company and the other order contained a similar denial and in addition dismissed the guardian ad litem's objections to the district court commissioner's approval of the final account, and referred the matter back to the district court commissioner for the entry of a final adjudication and order of distribution in the form already approved by him. This order also specifically approved the offer received by the executor from Ideals Publishing Company to redeem the 5,100 shares of its common stock at $110.00 per share, totaling $561,000.00.

■■ We are satisfied that these orders of the district court are final appealable orders. The second order of the court approved the executor's final account and since the account showed the estate to be insolvent and that there was no balance to distribute, nothing remained to adjudicate and the final adjudication which the district court commissioner proposes to enter will operate merely formally to close the files and discharge the executor and will not af-

fect the claim of the Government. Likewise, the denial of the Government's request for authority to bring suit in Wisconsin was a final denial of its right to such relief. Accordingly, an order denying the motion to dismiss will be entered.